Langford & Orton v. Ottumwa Water Power Co., Garnishee.

LANGFORD & ORTON v. OTTUMWA WATER POWER CO. ET AL., GARNISHEE.

1. **Contract:** SUBSCRIPTION TO STOCK. Garnishee in writing, signed in his own name, agreed to take certain shares of the capital stock of a corporation "to be paid by Peck" *Held* that the garnishee was personally liable therefor to the corporation and to the creditors of the corporation on process of garnishment.

2. ——: FOR ACT OF ANOTHER. When one in writing contracts in his own name for the act of another, he becomes thereby personally bound, unless it appears from the contract itself that he did not intend to bind himself personally.

3. **Practice in Supreme Court:** EVIDENCE AND INSTRUCTIONS: ERROR WITHOUT PREJUDICE. Objections to the admission of evidence and to the giving of instructions will not be considered, when the result could not have been changed by the exclusion of the evidence and the withholding of the instructions complained of.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, SEPTEMBER 20.

G. W. DEVIN was garnished as the debtor of the Ottumwa Water Power Company, upon an execution, issued on a judgment in favor of the plaintiffs, and against defendant, the company. The garnishee answering, denied indebtedness to the defendant in execution, and an issue was formed upon his answer which was tried to a jury and judgment rendered for plaintiffs against the garnishee, who now appeals.

*Morris J. Williams, H. M. Kellogg* and *D. J. Devin,* for appellant.

*Stiles & Lathrop* and *Stiles & Beaman,* for appellees.

BECK, J.—I. The plaintiffs claim that the garnishee and appellant, Devin, is indebted to the defendant in execution, the Ottumwa Water Power Company, upon a subscription to the stock of that corporation, which, as shown by the abstract, is in the following form and language:

"We, the undersigned, subscribers to the capital stock of "The Ottumwa Water Power Company," do hereby consent and agree to and with said corporation and with each other to take the number of shares of the capital stock of said corporation set opposite our respective names, and to subject ourselves in relation thereto to the articles of incorporation of said corporation now recorded in the recorder's office of Wapello county, Iowa, as well as to the by-laws and amendments made in pursuance thereof, and in conformity to law:

| NAMES. | SHARES. |
| --- | --- |
| Chas. F. Blake | Ten. |
| J. O. Briscoe | Five. |
| Wm. Daggett | Ten. |
| Daniel Eaton | Five. |
| W. B. Bonnifield | Ten. |
| J. M. Hedrick | Ten. |
| Wm. McNett | One. |
| S. A. Swiggett | Three. |
| H. D. Palmer | Two. |

(and others—Then)

{ G. W. Devin ........................ Five—to be
{ paid by Peck——
{ G. W. Devin ........................ Five, to be
{ paid by Blake
W. H. Cooper & Co .................. Two.
C. B. Castle

The garnishee insists that he is not liable upon the subscription, and that it was made by him under an agreement with Peck that he should pay it, who alone, and not plaintiff, is liable thereon.

The subscription of Devin last appearing upon the instrument above set out, is not in question in this action. In accord with the practice in such cases prevailing in this state, there are no formal pleadings setting out the cause of action and defense thereto.

The signature of Devin is not disputed and no question is raised involving the right of the company to recover upon the subscription. The contention involves the question whether Devin or Peck is liable thereon.

II. The subscription is a contract to take and pay for the number of shares of stock specified by the subscription. The subscriber is a party on one side, and the corporation on the other. It is not a contract between Peck and Devin to the effect that Peck undertakes to pay for the stock subscribed for by Devin. Peck does not sign the subscription. The words "to be paid by Peck" surley cannot bind that person, for he is no party to the subscription; neither does it purport to bind him. The most that can be claimed for the words is that they constitute a direction to Peck to pay pursuant to some arrangement not disclosed by the instrument.

*1. CONTRACT: subscription to stock.*

It cannot be claimed that upon the face of the instrument Devin is to be regarded as the agent of Peck. There is nothing to support such a position.

But if the subscription is regarded as a covenant by Devin that Peck will pay, Devin is *personally* liable as the promisor under the familiar rule that when one contracts in his own name for the act of another he becomes thereby personally bound, unless it appears from the contract itself that he did not intend to bind himself personally.

*2. ——: for act of another.*

We reach the conclusion that, upon the face of the subscription, Devin is bound to the corporation to pay for the stock mentioned in the subscription. He is, therefore, liable in the garnishee proceeding as the debtor of the company.

III. The plaintiff was permitted against the garnishee's objection to introduce evidence tending to show that at a public meeting, held to forward the organization of the Water Power Company, Devin proposed to subscribe for five shares, if any one would cash certain notes held by him. This proposition was ac-

*3. EVIDENCE and instruction: error without prejudice.*

cepted by Peck, and thereafter Devin made the subscription for the stock as shown in the paper above copied from the record, and that afterwards he declined to transfer the notes in accord with the terms of his proposition. The admission of this evidence and certain instructions given to the jury by the court, to the effect that Devin is bound by the terms of his proposition, and his liability upon the subscription is determined thereby, constitute the grounds of several assignments of error.

Under a familiar rule of the law, the written contract embodied in the subscription cannot be varied by parol evidence of prior transactions or agreements of the parties. The writing speaks for itself, and it is presumed that all prior oral agreements of the parties upon the same subject were merged into, or superseded and set aside by the written contract. This rule, it is insisted, was disregarded by the admission of the evidence and the instructions just recited. If this position be correct, the errors complained of are without prejudice to the garnishee, for, as we have seen, plaintiff is entitled to recover upon the face of the subscription. If, therefore, the rulings complained of had been the other way, and the evidence had been excluded and the instructions complained of had not been given, the verdict would have been the same under rulings of the court in accord with the law as above expressed.

The instructions asked by the garnishee and refused by the court are in conflict with our view of the law of the case, as above stated, and were therefore properly refused.

IV. The plaintiffs move to strike the instructions and the evidence from the record, for the reason that the instructions are not properly preserved by bill of exception and the abstract does not show that it contains all the testimony. The motion is overruled. We think, upon these points, the abstract presents the case in accord with the rules recognized by our prior decisions.

The judgment of the Circuit Court is

AFFIRMED.